### In re BACHRACH.

(Supreme Court, Appellate Division, First Department. October 25, 1912.)

ATTORNEY AND CLIENT (§ 192*)—PROCEEDINGS TO ESTABLISH LIEN—COSTS OF PROCEEDINGS.

Appellant, an attorney, was employed by petitioner to collect $2,500, held by a charitable institution under a settlement made for petitioner's benefit during life. Appellant agreed not to charge for his services unless he recovered the amount, in which event he was to receive reasonable compensation. Appellant procured the submission of petitioner's claim to the court, and appellant recovered the entire amount of the fund, and incurred disbursements aggregating $72.15, and deducted $822.15 from the sum received for his disbursements and services, and the petitioner sued to have the amount of appellant's lien established. An order was made allowing appellant to retain $300 for his lien and providing for a reference upon his refusal to accept that sum, and the referee reported that the value of appellant's services and the amount of his lien was $600. The report was confirmed, and appellant ordered to pay $150 to petitioner. Held, that petitioner should bear the reasonable expenses of the reference, and the referee's fees, and any necessary stenographer's fees, and if less than $150 appellant should pay the difference to petitioner, and if more than that amount petitioner should pay the balance; but appellant could not claim reimbursements for any amount he had agreed to pay the referee over what the latter was authorized to charge.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. § 192.*]

Appeal from Special Term, New York County.

In the matter of the petition of Emma Bachrach to determine the lien of William S. Evans, an attorney, upon certain moneys collected by said attorney for petitioner. From an order requiring the attorney to pay a certain sum to petitioner, he appeals. Reversed, and matter remitted to Special Term for further proceedings as directed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

J. W. Van Gordon, of New York City (W. S. Evans, of New York City, on the brief), for appellant.

Morris Jacobs, for respondent.

LAUGHLIN, J. The appellant is an attorney and counselor at law, and was employed by the petitioner to collect a fund of $2,500, which had been received and was held by the Jewish Foster Home of Philadelphia under a settlement made by one Silverman,

for the use and benefit of the petitioner during her life, "with the provision that in the event of her death without lawful issue the funds should revert to the Foster Home." By the terms of his employment the attorney was to make no charge unless he succeeded in recovering the fund, and in that event he was to be paid a reasonable sum for his services. The Foster Home claimed the right to hold the fund pursuant to the terms of the settlement and declined to pay it over. The appellant negotiated with the attorney for the Home the submission of a case to the United States District Court on an agreed statement of the facts. The cause was placed on the calendar, and brought to argument and argued, and briefs were submitted. The appellant recovered for his client the entire amount of the fund, which was paid. He incurred disbursements aggregating $72.15, and for his disbursements and services he deducted the sum of $822.15, and paid the balance over to his client, who, being dissatisfied with the charge, instituted this proceeding to determine the amount of his lien upon the fund retained by him and to compel him to account to her for the balance.

On the affidavits presented on the motion an order was made allowing the appellant to retain $300 for his lien and directing him to return the balance, and providing that, in the event of his refusal to accept $300, a reference would be ordered to establish the value of his services. The appellant declined to accept the $300, but before the hearing on the reference he offered to take $500 and to return $250 to his client, which offer was declined. The referee heard the evidence offered by the petitioner and the appellant, which is not printed in the record, and reported that the value of the appellant's services and the amount of his lien was $600. The report was confirmed, and the appellant was ordered to pay the balance, being the sum of $150, to the petitioner. No order was made with respect to the expenses of the reference. The appellant took up the report of the referee, paying the referee the sum of $100 on account, and the stenographer the sum of $50 on account, and appears to have been obliged, as a condition of receiving the report, to enter into an agreement in writing with the referee to pay him the balance of a bill rendered by the referee for his charges and for stenographer's fees aggregating, including the $150 paid, the sum of $777.25.

We are of opinion that in the circumstances the petitioner should bear the reasonable expenses of the reference, but that the fees of the referee and his disbursements, if he was authorized, or if it became necessary, to employ a stenographer, should be taxed, and if, on the taxation thereof, it appears that they are less than the sum of $150, the appellant should be ordered to pay the difference between the fees as taxed and the sum of $150 to his client, and, if more than $150, the petitioner should be required to pay the balance. If the appellant has obligated himself to pay more to the referee than the latter was authorized to charge, his client should not be required to reimburse him.

It follows that the order should be reversed, and the matter re-

mitted to the Special Term to tax the fees of the referee and disbursements authorized by the parties, or reasonably necessary, and make a final order in accordance with the views expressed in this opinion. All concur.